UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
OSCAR TORRES, on behalf of himself and all
other persons similarly situated,

                       Docket No.:

               Plaintiff,

        -against-                    **COMPLAINT**

GOTHAM DRYWALL INC. and         *FLSA Collective Action*
JOHN FITZPATRICK,

               Defendants.
-------------------------------------------------------------X

      Plaintiff, OSCAR TORRES ("Plaintiff"), on behalf of himself, individually, and all other

persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC,

complaining of the Defendants GOTHAM DRYWALL INC. ("Gotham"), and JOHN

FITZPATRICK ("Fitzpatrick," together with Gotham as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendants for failure to pay Plaintiff premium

overtime wages for all hours worked in excess of forty hours per week in violation of the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6

and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12

N.Y.C.R.R. Part 142 ("NYLL"), failure to provide accurate wage statements for each pay period

under NYLL § 195(3), failure to furnish a proper wage notice at his time of hire under NYLL §

195(1), and any other claim(s) that can be inferred from the facts set forth herein.

      2.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action

provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly-situated during the applicable FLSA limitations period who suffered

damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

**THE PARTIES**

6.      Plaintiff is a resident of the County of Kings, State of New York.

7.      At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

8.      At all times relevant, Defendant Gotham was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located at 220 India Street, Brooklyn, New York 11222.

9.      At all times relevant, Defendant Gotham was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in construction and drywall installation, and used equipment and other materials, such as

saws, trowels, hammers, sledgehammers, shovels, brooms, lumber, spackle, drywall, and other tools, equipment and products, many of which originated in states other than New York.

10.    At all times relevant, Defendant Gotham was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

11.    At all times relevant, Defendant Fitzpatrick is and/or was an officer and/or owner of Gotham, had authority to make payroll and personnel decisions for Gotham, was active in the day-to-day management of Gotham, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

12.    Defendants are engaged in the construction and drywall installation business.

13.    Plaintiff was employed by the Defendants as a carpenter from on or about March 1, 2019, until on or about April 21, 2021. Throughout his employment, Plaintiff's regular rate of pay was $32.00 per hour, and Defendant occasionally provided him with an overtime rate of $36.00 per hour, which was less than one and one-half times his hourly rate of $32.00 per hour.

14.    Throughout his employment, Plaintiff regularly worked five days per week, Monday through Friday, from 7:30 a.m. until approximately 5:30 p.m., with a thirty minute lunch break each day. Additionally, Plaintiff was required to work approximately two Saturdays per month from 9:00 a.m. until 4:00 p.m., with a thirty-minute meal break. Accordingly, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did regularly work, approximately between forty-seven and one-half hours and fifty-four hours per workweek.

15.    Throughout his employment, Defendants would only pay Plaintiff overtime compensation at the rate of $36.00 per hour for some, but not all hours worked after forty hours

per workweek. Therefore, at no time during Plaintiff's employment was he compensated at a rate of one and one-half times his hourly rate for all hours worked in excess of forty each week.

16. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

17. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language upon Plaintiff's hire as required by NYLL § 195(1).

18. Throughout his employment, Defendants failed to provide Plaintiff with accurate wage statements along with his pay, that depicted his total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

19. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

20. Defendants treated and paid Plaintiff and the FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

21. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

22. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The

named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

23. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as carpenters and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

24. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

25. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

26. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

27.     Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for all their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

28.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

29.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

30.     Due to Defendants' violations of the FLSA, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

31.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

32.     Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

33.     By Defendants' failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for all hours worked in excess of 40 hours per

week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

34.     Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

35.     Due to Defendants' violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(VIOLATION OF NYLL § 195(1))**

36.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37.     Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire, and/or failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

38.     Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF NYLL § 195(3))

39.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40.     Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements, depicting their wages earned, including, *inter alia*, their amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

41.     Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements along with their wages as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for the following relief:

i.      An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.    Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to

29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.  Unpaid wages, including but not limited to unpaid overtime pay and unpaid wages owed at their agreed upon rates of pay, pursuant to the NYLL and New York Department of Labor Regulations, plus an equal amount in liquidated damages;

v.  Damages pursuant to New York Labor Law §§ 195(1), (3), and 198;

vi.  Pre- and post-judgment interest as permitted by law;

vii.  All attorneys' fees incurred in prosecuting these claims;

viii.  All costs incurred in prosecuting these claims; and

ix.  Such other and further relief as this Court deems just and proper.

Dated:  Hauppauge, New York
        October 5, 2021

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel.: (631) 257-5588

By:  _____
MATTHEW J. FARNWORTH, ESQ.
PETER A. ROMERO, ESQ.

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Gotham Drywall LLC, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in Spanish

_____
Oscar Torres

13/09/2021
Date